# United States District Court
## NORTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| MEXICO OF CEDAR RAPIDS, INC. | Case Number: CR 04-26-7-LRR |
| | USM Number: None |
| | Michael K. Lahammer, Attorney at Law |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to count(s)  **3 and 5 of the 07/15/2004 Second Superseding Indictment**

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense | Count |
|---|---|---|---|
| 18 U.S.C. §§ 371 & 1546(a) | Conspiracy to Accept False Alien Registration Cards | 2004 | 3 |
| 8 U.S.C. §§ 1324(a)(1)(A)(iv) & 1324(a)(1)(A)(v)(I) | Conspiracy to Unlawful Harboring of Aliens | 2004 | 5 |

   The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____    ☐ is  ☐ are   dismissed on the motion of the United States.

   IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material change in economic circumstances.

December 19, 2005
Date of Imposition of Judgment

*/s/ Linda R. Reade/*
Signature of Judicial Officer

**Linda R. Reade**
**U.S. District Court Judge**
Name and Title of Judicial Officer

_December 22, 2005_
Date

DEFENDANT:      **MEXICO OF CEDAR RAPIDS, INC.**
CASE NUMBER:    **CR 04-26-7-LRR**

# PROBATION

The defendant is hereby sentenced to probation for a term of :      **5 years**
**This term of probation consists of a 5-year term imposed on Count 3 and a 5-year term imposed on Count 5, with these terms of probation to run concurrently with each other.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | Judgment—Page 3 of 5 |
|---|---|---|
| DEFENDANT: | MEXICO OF CEDAR RAPIDS, INC. | |
| CASE NUMBER: | CR 04-26-7-LRR | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall develop and implement a plan to ensure all employees are lawfully admitted to the United States and authorized to work.

2. The defendant shall be subject to "no notice" random inspections of documents, premises, and all employees by Immigration and Customs Enforcement.

3. The defendant shall develop and implement a plan to ensure all employees are paid appropriate wages under the Fair Labor Standards Act.

4. The defendant shall be subject to "no notice" random inspections by the Department of Labor.

5. The defendant shall pay all back wages determined to be due and owing by the Department of Labor.

6. The defendant shall develop an Audit Accounting System to ensure that the incomes of the corporation, officers, and employees are accurately reported to the Internal Revenue Service and Iowa Department of Revenue.

7. The defendant shall pay any financial penalty that is imposed by this judgment.

8. The defendant shall provide the probation officer with access to any requested financial information.

DEFENDANT: **MEXICO OF CEDAR RAPIDS, INC.**
CASE NUMBER: **CR 04-26-7-LRR**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 800 | $ 50,000 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**     $ _____     $ _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ■ the interest requirement for the   ■ fine   ☐ restitution is modified as follows:

  The interest requirement for $25,000 of the fine is not waived. The interest requirement for the remaining $25,000 of the fine is deferred while Jose de Jesus Ibarra-Castaneda, Northern District of Iowa Case No. CR 04-26-1-LRR, is incarcerated.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| DEFENDANT: | MEXICO OF CEDAR RAPIDS, INC. |
| CASE NUMBER: | CR 04-26-7-LRR |

Judgment — Page __5__ of __5__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ■ Lump sum payment of $ __25,800__ due immediately, balance due

    ☐ not later than _____ , or
    ■ in accordance with  ☐ C, ☐ D, ☐ E, or ■ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ■ Special instructions regarding the payment of criminal monetary penalties:

    While incarcerated, Jose de Jesus Ibarra-Castaneda, Northern District of Iowa Case No. CR 04-26-1-LRR, as a representative of the defendant corporation, shall make monthly payments in accordance with the Bureau of Prison's Financial Responsibility Program. The amount of the monthly payments shall not exceed 50% of the funds available to Jose de Jesus Ibarra-Castaneda through institution or non-institution (community) resources and shall be at least $25 per quarter. If Jose de Jesus Ibarra-Castaneda still owes any portion of the financial obligation(s) at the time of his release from imprisonment, Jose de Jesus Ibarra-Castaneda shall pay it as a condition of supervision and the U.S. Probation Officer shall pursue collection of the amount due, and shall request the Court to establish a payment schedule if appropriate. Jose de Jesus Ibarra-Castaneda shall also notify the United States Attorney within 30 days of any change of mailing or residence address that occurs while any portion of the financial obligation(s) remains unpaid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    **The $50,000 fine shall be a joint and several obligation with Jose de Jesus Ibarra-Castaneda, CR 04-26-1-LRR; Hacienda Las Glorias, Inc., CR 04-26-6-LRR; Hot Springs, Inc., CR 04-26-8-LRR; and Cuatro, Inc. CR 04-26-9-LRR.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.